UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/11/2020____
```

RANDY FERNANDEZ,

                          Plaintiff,

              -against-

CITY OF NEW YORK, OFFICER CHOPRA, and
CAPTAIN GRIFFIN,

                          Defendants.

1:19-cv-04021 (MKV)

**OPINION AND ORDER**

MARY KAY VYSKOCIL, United States District Judge:

Pro Se Plaintiff Randy Fernandez initiated this action in May 2019 while he was incarcerated pre-trial on Rikers Island. The Complaint [ECF #2] seeks damages for Plaintiff's detention on a bus for more than thirteen hours, while handcuffed, shackled, and denied access to a lavatory or food or water. After Defendants answered [ECF #12], they filed a Motion for Summary Judgment [ECF #20-24], seeking to dismiss all claims in the Complaint as barred by certain releases Plaintiff had signed in connection with other claims he previously brought against the City of New York. For the reasons stated herein, the Motion for Summary Judgment is GRANTED.

## BACKGROUND

The facts as stated herein are based on the Defendants' Rule 56.1 Statement [ECF #23] ("Statement of Facts"), and Plaintiff's "Statement of Facts" in his Memorandum in Opposition to the summary judgment motion [ECF #30] ("Opp.").

Plaintiff did not provide a Rule 56.1 Counter-Statement as required by Local Rules 56.1 and 56.2. *See* Local R. of the U.S. Dist. Ct. for the S. & E. Dists. of N.Y. 56.1, 56.2, effective Oct. 29, 2018. Proceeding pro se does not "relieve [Plaintiff] from the usual requirements of summary judgment." *Fitzpatrick v. New York Cornell Hosp.*, 2003 WL 102853, at *5 (S.D.N.Y.

Jan. 9, 2003) (citing *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995)). Indeed, once a

pro se litigant is on notice of the requirements of Rule 56 and Local Rule 56.1, he is "not

excused from meeting the requirements of Local Rule 56.1." *See Wali v. One Source Co.*, 678 F.

Supp. 2d 170, 178 (S.D.N.Y. 2009). Here, Plaintiff was informed of that obligation in a notice

accompanying Defendants' motion. *See* ECF #21, 25.

Normally, this would lead the Court to accept all facts in Defendants' Rule 56.1

Statement as true. *See T.Y. v. New York City Dep't of Ed.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A

nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that

the facts asserted in the statement are uncontested and admissible."). Here, however, the record

is complicated by Plaintiff's attempt to contest certain facts by reference not to the Rule 56.1

Statement, but instead to the Declaration of counsel submitted in support of Defendants' motion

[ECF #22]. *See* Opp. at 1-3. Because the Court must construe submissions of a pro se litigant

liberally and interpret them to "raise the strongest arguments that they suggest," *see Triestman v.

Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation omitted), the Court

will consider Plaintiff's eleven numbered paragraphs at the beginning of his Opposition Brief to

constitute a counter-statement of facts for the purpose of Rule 56.1. *See* Opp. at 1-3.

Plaintiff's claims arise out of an incident occurring sometime on June 29 or 30, 2018.

*See* Complaint at 4; Statement of Facts ¶ 1. Plaintiff states that on June 29, he, along with a

number of other persons, was being transported to detention on Rikers Island. *See* Complaint at

4-5. Because of overcrowding at the facility, Plaintiff was not able to leave the transport bus

upon arrival at the Rikers Island facility. *See* Complaint at 5. It was not until nearly thirteen

hours later that Plaintiff and the other detainees were able to get off the bus. *See* Complaint at 5.

During that time, Plaintiff did not have access to food, water, or lavatories, and was handcuffed

and shackled. *See* Complaint at 5. As a result, Plaintiff claims that he was forced to urinate and

defecate on himself.  *See* Complaint at 5.  Plaintiff did not file a grievance with the prison system

for his injuries on the bus, but instead filed this case pro se almost a year later on May 3, 2019.

*See* Statement of Facts ¶ 2.

This was not the first complaint Plaintiff filed about his treatment in a correctional

facility however.  Specifically, on April 18, 2019, Plaintiff filed two personal injury claims with

the New York City Comptroller for incidents occurring at Rikers Island in February and March

of that year.  *See* Statement of Facts ¶¶ 2, 8; Decl. of Stephanie De Angelis in Support of Motion

[ECF #22] ("De Angelis Decl."), Exs. B, F.  In connection with each of these grievances,

Plaintiff was represented by counsel.  *See* Statement of Facts ¶¶ 3, 9.  Both of Plaintiff's

grievances in connection with the February and March incidents were settled on November 5,

2019.  *See* Statement of Facts ¶ 6, 10.  As part of the settlement, the Plaintiff executed two

agreements (the "2019 Releases"), each of which stated in part:

> RANDY FERNANDEZ . . . as RELEASOR . . . hereby voluntarily, knowingly,
> and willingly releases and forever discharges the City of New York, and all past
> and present officials, officers, directors, managers, administrators, employees,
> agents, assignees, lessees, and representatives of the City of New York . . . from
> any and all liability, claims, or rights of action alleging a violation of civil rights
> and any and all claims, causes of action, suits, administrative proceedings, debts,
> dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants,
> contracts, controversies, transactions, occurrences, agreements, promises,
> damages, variances, trespasses, extents, judgments, executions, and demands
> known or unknown, at law, in equity, or by administrative regulations which
> RELEASOR . . .now has or hereafter can, shall, or may have . . . against the
> RELEASEES for, upon or by reason of any matter, cause or thing whatsoever that
> occurred through the date of this RELEASE.

*See* Statement of Facts ¶ 6, 10; De Angelis Decl., Ex. E at 1, Ex. I at 1.  By their terms, the 2019

Releases, waived all existing claims, known and unknown, that Plaintiff had against the City of

New York and its employees and agents.  Plaintiff signed each agreement only after

acknowledging that "the undersigned has read the foregoing release and fully understands it."

*See* De Angelis Decl., Ex. E at 3, Ex. I at 3.

Following Plaintiff's signing the 2019 Releases, Defendants filed a letter with the Court, attaching the agreements and requesting leave to file a motion to dismiss Plaintiff's claims as barred by them.  *See* ECF #18.[1]  Judge Jesse M. Furman, to whom this case was originally assigned, granted leave to file a motion to dismiss.  *See* ECF #19.  The case was transferred to me while briefing was ongoing.

## LEGAL STANDARD

A.    ***Conversion to a Motion for Summary Judgment***

When a motion relies on matters outside the pleadings, the Court may convert a motion to dismiss into a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d); *Parada v. Banco Indus. de Venez.*, 753 F.3d 62, 67-68 (2d Cir. 2014).  Usually, the Court "must give notice to the parties before converting a motion to dismiss . . . into one for summary judgment," *Gurarv v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999).  However, formal notice is not necessary where "matters outside the pleadings have been presented and accepted by the Court, and where all parties have been given a reasonable opportunity to present materials pertinent to the motion's disposition."  *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 573 (2d Cir. 2005).  "The essential inquiry is whether the [non-moving party] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings."  *In re G. & A. Books, Inc.* 770 F.2d 288, 295 (2d Cir. 1985).  Here, as discussed further below, the Court

---

[1] Plaintiff claims that during negotiations about this case, counsel for Defendants did not identify herself as a representative of the City of New York.  *See* Opp. at 2.  Instead, Plaintiff claims that he was led to believe she represented him.  *See* Opp. at 2.  Even assuming this is true, it is not material to the resolution of this Motion. Plaintiff's claims, as discussed below, are barred by the 2019 Releases, which he signed while represented by his own independent counsel.  Additionally, no one claims that Defendants' counsel here was involved at all in the resolution of Plaintiff's earlier grievances.  In short, the resolution of this Motion is entirely dependent on the outcome of Plaintiff's previous claims and not on any conduct involved in litigating this case.  Any alleged malfeasance on the part of Defense counsel is, thus, irrelevant here.

will accept the present motion as one for summary judgment because the Plaintiff was provided adequate notice of the motion, addressed Defendants' assertions of fact in support of the motion, and addressed matters outside the pleadings in this case.

### B.  *Standard of Review for a Summary Judgment Motion*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A motion for summary judgment may be brought "at any time," including before discovery.  Fed. R. Civ. P. 56(b).

A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "It is the movant's burden to show that no genuine factual dispute exists" and a court "must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  If the movant has met its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts" and, toward that end, "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).  The non-moving party may not rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).

Where, as here, the Motion is brought before discovery, it will only succeed "in the rarest of cases because the nonmoving party must have had the opportunity to discover information that is essential to [his] opposition." *Great Wall De Venez. C.A. v. Interaudi Bank*, 117 F. Supp. 3d

5

474, 492-93 (S.D.N.Y. 2015).[2]  "However, where it is clear that the nonmoving party cannot

defeat the motion by showing facts sufficient to require a trial for resolution, summary judgment

may be granted notwithstanding the absence of discovery."  *XL Specialty Ins. Co. v. Agoglia*, No.

08-cv-3821 (GEL), 2009 WL 1227485, at *6 (S.D.N.Y. Apr. 30, 2009) (citing *Gottlieb v. Cty. of

Orange*, 84 F.3d 511, 519 (2d Cir.1996)).  In a case like this one, where the plaintiff's claims

turn on the meaning of a contract, "[s]ummary judgment is appropriate if the terms of the

contract are unambiguous."  *See Fischer & Mandell LLP v. Citibank, N.A.*, 632 F.3d 793, 799

(2d Cir. 2011).  As noted below, the 2019 Releases are unambiguous and clearly bar Plaintiff's

claims as a matter of law.

## DISCUSSION

*A.*     ***The Motion is Converted to a Motion for Summary Judgment***

Defendants were given leave in this case to file a motion "pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure that is limited to the question of whether Plaintiff released the

claims he asserts in the present suit."  *See* ECF #19 at 1.  However, Defendants filed a Motion

for Summary Judgment, because the documents on which they sought to rely (*i.e.* the 2019

Releases) were outside the pleadings in this case.  *See* Memorandum in Support of Motion, ECF

#24, at 2, n.1.  Thus, before proceeding to the merits, the Court must ensure that Plaintiff was

provided adequate notice of the summary judgment motion and his obligation to support his

claims with evidence.

---

[2] In some cases, courts require that "a party seeking to avoid summary judgment before discovery has been conducted must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."  *EMA Fin., LLC v. Joey New York, Inc.*, No. 17-CV-9706 (VSB), 2019 WL 4600863, at *4 (S.D.N.Y. Sept. 22, 2019) (internal quotation omitted).  However, because Plaintiff is pro se, the Court will not hold him to this exacting standard.

As an initial matter, any confusion on this point appears to be a result of the manner in which the 2019 Releases were first raised with the Court.  It is undisputed that the 2019 Releases were not referenced in the Complaint or in the Answer, as both were filed before the releases were executed.  *See* ECF #1 (filed May 3, 2019); ECF #12 (filed September 9, 2019).  Instead, approximately two weeks after Plaintiff signed the 2019 Releases, Defendants filed a letter revealing their existence to the Court.  *See* ECF #18.  In the letter, Defendants alternatively claimed that the 2019 Releases could be the subject of judicial notice, thus allowing them to be raised in a Rule 12 motion, or that they could be raised in a summary judgment motion.  *See* ECF #18 at 2-3.  The Court's resulting Order stated that the Defendants should file a "motion pursuant to Rule 12(c)."  *See* ECF #19 at 1.  However, the Order expressly stated that the motion should address the releases, which were not a part of the pleadings and which are not clearly subject to judicial notice.  *See* ECF #19 at 1.  In light of that, Defendants reasonably filed a motion for summary judgment, ensuring that the 2019 Releases could be presented to the Court.  Plaintiff was copied on and had notice of all of the foregoing dialogue with the Court and of the Court's order granting leave to file a motion based on the 2019 Releases.

Because of this and since Defendants provided appropriate notice of the summary judgment motion to Plaintiff, the motion appropriately may be converted to a motion for summary judgment.  Specifically, Defendants stated in their opening submission that they were filing a motion for summary judgment since they relied on materials outside the pleadings.  *See* Memorandum in Support of Motion at 1, 2.  Moreover, along with the motion papers, Defendants served a notice pursuant to Local Rule 56.2, stating that Plaintiff "must submit evidence . . . countering the facts asserted by the Defendants."  *See* ECF #21 at 1.

While not a notice pursuant to Local Rule 12.1, which informs a pro se party specifically about the possibility of conversion to a motion for summary judgment, the Local Rule 56.2

7

Notice includes the same information about what is necessary to oppose a summary judgment motion and provides a full copy of Federal Rule of Civil Procedure 56. *See* Local R. of the U.S. Dist. Ct. for the S. & E. Dists. of N.Y. 12.1, 56.2, effective Oct. 29, 2018. "[C]ourts in the Eastern and Southern Districts of New York have repeatedly concluded that providing the notice called for by Local Civil Rule 12.1 . . . constitutes adequate notice that a motion to dismiss may be converted to one for summary judgment, even without further instruction from the Court." *Carter v. Ponte*, No. 17-cv-1830 (VSB), 2018 WL 4680995, at *3 (S.D.N.Y. Sept. 28, 2018) (collecting cases). Because the Rule 56.2 Notice provided the same substantive information, the Court concludes that adequate notice was provided notwithstanding the lack of citation to the proper rule. Since the Rule 56.2 Notice made Plaintiff aware of the requirement to submit evidence and other rules for responding to a summary judgment motion, the Court will not require an additional Rule 12.1 Notice.

Importantly, Plaintiff's filings appear to confirm that he was aware of the heightened requirements for summary judgment motions, given that he requested an extension of time to respond in order to "get everything I need on my behalf to defend my self [sic]." *See* ECF #27. Despite that Plaintiff has not submitted any materials outside the pleadings, he did respond to the Defendants' Local Rule 56.1 Statement and had notice of the Defendants' intent to submit a summary judgment motion and what that means. In light of that notice, the Court converts the motion into one for summary judgment.

B.     ***Plaintiff's Claims are Barred By the 2019 Releases***

Defendants' Motion succeeds here because under binding precedent the 2019 Releases operate to preclude the claims in this case. The releases are clear and unambiguous. As a result, there are no facts that "might affect the outcome of the suit," and Plaintiff does not suggest otherwise in his Opposition.

8

Under New York law, general releases are governed by principles of contract law. *Albany Sav. Bank, FSB v. Halpin*, 117 F.3d 669, 672 (2d Cir. 1997) (citing *Mangini v. McClurg*, 249 N.E.2d 386, 389 (N.Y. 1969)).[3]  "Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Wang v. Paterson*, No. 07-cv-2032 (LTS) (AJP), 2008 WL 5272736, at *4 (S.D.N.Y. Dec. 18, 2008) (quotation omitted).  "[A] release is binding on the parties absent a showing of fraud, duress, undue influence, or some other valid legal defense." *Davis & Assocs., Inc. v. Health Mgmt. Servs., Inc.*, 168 F. Supp. 2d 109, 113 (S.D.N.Y. 2001).  These rules apply equally to pro se litigants. *See Duran v. J.C. Refinishing Contracting Corp.*, 421 F. App'x 20, 21 (2d Cir. 2011).

The text of the 2019 Releases is clear and unambiguous.  Plaintiff, who was represented by counsel at the time, agreed to release "all liability, claims, or rights of action alleging a violation of civil rights and any and all claims [or] causes of action . . . known or unknown . . . which RELEASOR . . . now has or hereafter can, shall, or may have . . . against the RELEASEES for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE." *See* De Angelis Decl., Ex. E at 1, Ex. I at 1.  This broad language certainly encompasses the claims Plaintiff has raised in this litigation, especially since the 2019 Releases expressly discharge claims known or unknown and extends to claims arising from "any matter, cause or thing whatsoever that occurred through the date of this RELEASE" (*i.e.* November 5, 2019).  *See* De Angelis Decl., Ex. E at 1, Ex. I at 1.  This language is unambiguous in scope.  It is undisputed that Plaintiff's claims pertain to alleged violations of his

---

[3] Because the contract is between New York residents and was executed in New York, the Court relies on New York substantive contract law to interpret the 2019 Releases.  *See Tri-State Empl. Servs. v. Mountbatten Sur. Co.*, 295 F.3d 256, 261-62 (2d Cir. 2002) (in the absence of a choice of law provision in the contract, courts must determine where the "center of gravity" of the transaction lies, and determining that New York law governs where a contract was negotiated and executed in New York and the parties were New York residents); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938).

civil rights before the date of the Release.  Thus, the applicability of the 2019 Releases is appropriate for resolution on summary judgment, even before discovery.

It is no excuse to enforcement of the unambiguous terms that the claims here arose out of different events than the specific claims which Plaintiff was settling when he agreed to the 2019 Releases.  *See Gittens v. City of New York*, No. 10-cv-8502 (PAC), 2011 WL 10618708, at *1 (S.D.N.Y. May 11, 2011) ("This language includes all claims that could have been alleged, even if they arose out of different events than those specifically alleged in the Complaint.").  It is also inapposite that the Complaint in this action was filed before the 2019 Releases were signed since, as discussed, the 2019 Releases by their terms apply to any event arising before the date of execution.  The law is clear that a release can waive claims which have both "ripened into litigation" and those which "might [be] adjudicated as a result of pre-existent controversies." *Tromp v. City of New York*, 465 F. App'x 50, 52 (2d Cir. 2012) (citing *A.A. Truck Renting Corp. v. Navistar, Inc.*, 916 N.Y.S.2d 194, 196, 81 A.D.3d 674, 675 (2d Dep't 2011)).  Thus, the 2019 Releases, which resolved Plaintiff's earlier grievances against the City of New York, also operate to bar the claims Plaintiff asserts here.

In order to avoid dismissal based on the plain language of the 2019 Releases, Plaintiff would have to show "fraud, duress, undue influence, or some other valid legal defense" to the enforcement of the 2019 Releases.  *Davis & Assocs., Inc.*, 168 F. Supp. 2d at 113.  None is available.  Most importantly, Plaintiff was represented by counsel in connection with the negotiation and signing of the 2019 Releases.  Plaintiff has not alleged that representation was inadequate.  Plaintiff, then, cannot support a claim that he failed to understand or appreciate the scope of the releases he signed.  *See Carter v. Ponte*, 2018 WL 4680995, at *6 (S.D.N.Y. Sept. 28, 2018) ("Plaintiff has put forth no evidence, other than his say-so, to allege a claim of ineffective assistance of counsel sufficient to set aside the unambiguous terms of the Release.");

*Gracia v. City of New York*, No. 16-cv-7329 (VEC), 2017 WL 4286319, at \*3 (S.D.N.Y. Sept. 26, 2017) ("The general release is a form agreement, and Plaintiff may have signed it on the day it was given to her. Nevertheless, these facts are overwhelmed by her representation by counsel, which she does not claim was inadequate." (internal quotation omitted)).

Plaintiff's seems to attempt to argue that the 2019 Releases should not be enforced against him because counsel for the Defendants in this action did not "immediately identify her represenative [sic] capacity to Plaintiff, and then undertook to give him legal advice." Opp. at 5. Even assuming this is true, it has no bearing on the outcome. Plaintiff must show duress or undue influence in the negotiation and signing of the 2019 Releases, not in connection with this case, to escape their enforcement. Plaintiff has not claimed that any misrepresentation was made in connection with the negotiation or execution of the 2019 Releases. Moreover, even if there had been any confusion, that Plaintiff was represented by counsel in connection with that negotiation is fatal to any such argument.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion [ECF #20] is GRANTED. For the elimination of doubt, the Court will convert the motion to one for summary judgment because the Plaintiff had adequate notice of the same. On the Defendants' claims regarding the 2019 Releases, the Court finds that Plaintiff's agreements to release all claims against the City of New York and its agents through the date of the Releases bar the claims in this case. Plaintiff has not shown any reason not to enforce the unambiguous terms of those contracts, especially in light of the fact that Plaintiff was represented by counsel in connection with their negotiation.

The Clerk respectfully is requested to close the motion at ECF #20 and to close this case. The Court will mail a copy of this Opinion to Plaintiff.


**SO ORDERED.**


Date: **August 11, 2020**
      **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

12